IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAZMIN VALENTINE, *et al.*,                *

    **Plaintiffs,**                                       *

v.                                                              *        **CIVIL NO. JKB-22-2446**

NURSE B. MONAHAN, *et al.*,              *

    **Defendants.**                                    *

                                                                  *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMANDORUM AND ORDER

On January 12, 2026, the Court granted the motion of Ms. Michele Harper to withdraw as counsel for the Defendant-Nurses ("the Nurses") in this matter because Ms. Harper's representation of the Nurses was compromised by a non-waivable conflict of interest. (ECF No. 99.) The Court vacated the trial date (originally set for this month), noted Ms. Harper's withdrawal, and urged the Nurses to engage new counsel. (*Id.*) All of the Nurses except for Nurse Monahan have now retained new counsel.[1]

On February 19, the Court met in a conference call with new defense counsel as well as Plaintiffs' counsel to schedule further proceedings in the case. Defense counsel noted that Ms. Harper had not retained any experts for trial, nor had she filed any dispositive motions on behalf of the Nurses. Thus, defense counsel requested that the Court reopen the discovery period to allow for the retention of experts and that the Court permit defense counsel to file pretrial dispositive

---

[1] The Court notes that attorney Nicholas Daetwyler is still listed on the docket as representing Nurse Monahan. However, Mr. Daetwyler works at the same law firm as Ms. Harper and did not appear on the February 19 conference call. If Mr. Daetwyler wishes to withdraw as counsel, he must file a motion to that effect. But, as of now, he remains Nurse Monahan's attorney of record, and he is expected to discharge the obligations and responsibilities of that role. Unless and until he withdraws, the Court assumes that somehow his representation is conflict-free.

motions. Plaintiffs' counsel opposed both of these requests.

The Nurses will not be permitted to re-litigate this case in its entirety merely because they now have new counsel. However, as the Court previously explained, "the imperative is to try a case on its merits, with counsel, before a jury of one's peers." (ECF No. 99 at 2 (citing *Perttu v. Richards*, 605 U.S. 460, 467 (2025)).) That is because, in our legal system, it is the critical task of the jury to "distill[] the essential truth from a raw mixture of circumstances." *Atl. Coast Line R. Co. v. Truett*, 249 F.2d 215, 217 (4th Cir. 1957). Here, that mixture would be incomplete without expert testimony. A central issue in the case will be how to evaluate the actions of the Nurses in their professional capacities. Expert testimony will shed important light on this and will be key to the jury performing its "truth-finding function." *See Hankerson v. North Carolina*, 432 U.S. 233, 241 (1977); *see also Sec. & Exch. Comm'n v. Jarkesy*, 603 U.S. 109, 121 (2024). Thus, the Court will reopen the discovery period for the limited purpose of allowing expert discovery. However, as agreed by the parties, each Nurse will be permitted to retain only one expert, not more. Plaintiffs will also be allowed to retain one expert.

While the Court will permit expert discovery, it will deny the Nurses' request for leave to file pretrial dispositive motions. The Nurses had the chance to file such motions previously, and they did not take it. Allowing them to do so now would not aid the truth-seeking function of the trial and would instead continue to delay Plaintiffs from receiving their day in court. Thus, the request for leave to file pretrial dispositive motions will be denied.[2]

Because the Court is partially reopening discovery, all parties will incur substantially greater litigation expenses. The Court will not impose those expenses on Plaintiffs or their counsel, who bear no fault for the predicament presented here. Rather, as discussed during the conference

---

[2] This does not include any motions to dismiss for lack of subject matter jurisdiction, which may be filed at any time. *See* Fed. R. Civ. P. 12(h)(3).

2

call and agreed to by all counsel present, Plaintiffs will be awarded their reasonable costs associated with conducting discovery of the Nurses' expert proof. Fed. R. Civ. P. 37(b)(2)(C) (requiring that additional reasonable litigation expenses be covered by the party that violates a discovery scheduling order); *Ballard v. Wal-Mart Stores E., LP*, No. 5:17-CV-03057, 2018 WL 4964361, at *3 (S.D.W. Va. Oct. 15, 2018) (reopening discovery—after a discovery violation—to allow for a fairer trial but imposing the additional costs on the violating party as a sanction). This includes reimbursement for the fees of the Nurses' experts that will be charged during Plaintiffs' depositions of these experts, and Plaintiffs' reasonable legal fees associated with those depositions. Plaintiffs shall submit their costs and expenses (as calculated above) to Defendants who shall promptly pay the same or note their objections to the Court.

Based on the foregoing, the Court sets the following dates and deadlines for further proceedings in this case:

| | |
|---|---|
| April 20, 2026 | Deadline for Defendants to disclose their experts and produce expert reports to Plaintiffs. |
| May 20, 2026 | Deadline for Plaintiffs to disclose their expert and produce an expert report to Defendants. |
| May 27, 2026 | Deadline for Defendants' reply expert disclosures. |
| July 1, 2026 | Deadline for all expert discovery, including depositions. |
| | Deadline for Plaintiffs' submission of costs to Defendants. |
| | Deadline for motions to be filed pursuant to Federal Rule of Evidence 702. |
| July 22, 2026 | Deadline for responses to Rule 702 motions. |
| July 29, 2026 | Deadline for replies to responses to Rule 702 motions. |
| August 19, 2026 | Deadline for filing motions *in limine*. |
| | Deadline for receipt in chambers of draft pretrial order, |

3

                                      proposed *voir dire*, proposed preliminary and final jury instructions, and a proposed jury verdict form.

**These are to be filed electronically and must also be submitted via e-mail in Microsoft Word format to chambers:** MDD_JKBChambers@mdd.uscourts.gov.

Counsel shall meet and confer about these documents and, to the fullest extent possible, make joint submissions. Counsel shall identify, in supplemental filings, any points of disagreement.

The most recent revisions of the Court's standard preliminary and final jury instructions in civil cases are available upon request to chambers. **Counsel must use these forms.**

| | |
|---|---|
| August 24, 2026 | Deadline for filing responses to motions *in limine*. |
| **August 26, 2026, 4:00 p.m.** | **Pretrial Conference**, Courtroom 5A. All counsel participating at trial are required to be present; parties need not be.[3] The Court will address motions *in limine* during this conference. |
| **August 31, 2026, 9:30 a.m.** | **Begin Jury Trial**, Courtroom 5A, scheduled for 2 weeks. The Court will not sit on Fridays or on Labor Day. |
| | Counsel shall appear in court at 9:15 a.m. on the first day of trial to address miscellaneous matters with the courtroom deputy clerk prior to the commencement of jury selection. |

Finally, this matter is REFERRED to a United States Magistrate Judge for further settlement negotiations, to occur as soon as possible.

---

[3] David Lane, counsel for Plaintiffs, may appear by phone, on the condition that co-counsel Andrew Freeman, who will also participate at trial, will appear in person.

4

DATED this 24 day of February, 2026.

BY THE COURT:

/s/ James K. Bredar
James K. Bredar
United States District Judge